# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.W., a minor, JENNIFER HANNULA, and ADAM WEMMER<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT PACKER HOSPITAL, ALEXANDER J. PINSKY, M.D., and KAREN EPHLIN, M.D.,<br><br>Defendants. | NO. 3:10-CV-2261<br><br>(JUDGE CAPUTO) |

## MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Complaint, which insufficiently alleges the diversity of the parties. (Doc. 1.) Because the Complaint fails to adequately plead the existence of subject matter jurisdiction, Plaintiffs will be given leave to amend.

Plaintiffs filed a Complaint against Defendants for violations of state law. (Doc. 1.) The Complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The Complaint describes the Plaintiffs as "residing" in "Tioga County, New York." (Doc. 1.) The Complaint then describes Defendant Alexander J. Pinsky, M.D.'s "principal place of business" as "Bradford County, Pennsylvania" and Defendant Karen Ephlin, M.D's "principal place of business" as "Bradford County, New York." (sic.)

Federal courts are courts of limited jurisdiction. Jurisdiction must be properly alleged to be invoked. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). LLCs, on the other hand, are treated as partnerships for diversity purposes, meaning that their citizenship is determined by the citizenship of all its members. *Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n*, 275 F.Supp. 2d 578, 586 (M.D. Pa. 2003).

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the Complaint fails to properly plead the existence of subject matter jurisdiction.

The Complaint fails to adequately allege diversity of citizenship. *See S. Freedman &*

*Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")).

First, the Plaintiffs fail to allege in which state they have citizenship. The Court is informed of the states in which the Plaintiffs are "residing." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Second, Plaintiffs fail to properly allege the citizenship of Defendants Karen Ephlin and Alexander J. Pinsky. Plaintiffs do not say where these individuals reside, but rather where they have their principal places of business, which is irrelevant for determining the citizenship of individuals under § 1332.

As it currently stands, the Complaint fails to show the existence of subject matter jurisdiction. The Plaintiffs are directed to file an Amended Complaint within twenty-one (21) days sufficiently alleging jurisdiction. The Plaintiffs are further advised that failure to respond in the manner explained above will result in the dismissal of their Complaint.

**NOW**, this  3rd  day of November, 2010, **IT IS HEREBY ORDERED THAT** the Plaintiffs will have twenty (21) days from the date of this Order to **PROPERLY ALLEGE JURISDICTION** so that this Court may determine whether complete diversity of citizenship exists between the parties.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge