**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.W., a minor, by JENNIFER HANNULA, her mother; JENNIFER HANNULA, individually; and by ADAM WEMMER, her father; ADAM WEMMER, individually, | CIVIL ACTION NO. 3:10-CV-2261 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| ROBERT PACKER HOSPITAL; ALEXANDER J. PINSKY, M.D.; and KAREN EPHLIN, M.D. | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is defendants' motion to dismiss. (Doc. 15.) For the reasons stated below, the motion will be granted in part and denied in part.

The instant suit centers on Plaintiffs' allegations that defendants failed to properly diagnose minor A.W. with microcephaly at birth and refer her to a specialist for early intervention. Plaintiffs have brought claims of medical malpractice, negligence, and corporate negligence against the supervising doctors and the hospital. In their initial brief in support of the motion to dismiss, defendants argued that plaintiffs had failed to provide certificates of merit along with their complaint, as required by the Pennsylvania Rules of Civil Procedure. In response, plaintiffs filed certificates of merit with respect to Drs. Pinsky and Ephlin. In their reply brief, defendants argue that plaintiffs have still not supplied a certificate of merit with respect to Robert Packer Hospital and that a separate certificate is required for the hospital. Defendants further argue that plaintiffs' complaint should either

1

be dismissed or plaintiffs should be ordered to file the separate certificate of merit. The Court agrees with defendants in part, and will order plaintiffs to file a separate certificate of merit with respect to Robert Packer Hospital within twenty-one (21) days.

A federal court sitting in diversity must apply state substantive law and federal procedural law. *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Eerie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Further, certificate of merit statutes are substantive state laws that must be applied by federal courts sitting in diversity. *Chamberlain*, 210 F.3d at 161.

Under Pennsylvania law, a party filing an "action based upon an allegation that a licensed professional deviated from an acceptable standard," Pa. R. Civ. P. 1042.3(a), must file a certificate of merit signed by the party or the party's attorney within sixty (60) days of the filing of the complaint. A "licensed professional" includes any person licensed as a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error ("MCARE") Act, 40 P.S. § 1303.503. Pa. R. Civ. P. 1042.1(b)(1)(I). Under the MCARE Act, hospitals are health care providers. *See, e.g., Smith v. Friends Hosp.*, 928 A.2d 1072, 1075 (Pa. Super. 2007). The certificate of merit must demonstrate one of the following: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm; (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim. *Id*. Furthermore, Pa. R. Civ. P. 1042.3(b)(1) provides: "A *separate* certificate of merit shall be filed as to each licensed professional against whom a claim is asserted." (emphasis added.)

Regarding corporate negligence, this theory was first recognized by the Pennsylvania Supreme Court in *Thompson v. Nason Hospital*, 527 Pa. 330 (1991). There, it was found that a hospital owes some non-delegable duties directly to its patients, without requiring an injured party to establish the negligence of a third party. *Id.* at 338. Under this doctrine, a hospital is liable if it fails to uphold the proper standard of care owed to its patient. The plaintiff must show that the hospital had actual or constructive knowledge of the defect or procedures which created the harm and that the hospital's negligence was a substantial factor in bringing about the harm. *Id.* at 339.

Here, plaintiffs' have brought claims against Robert Packer Hospital for negligence on a theory of *respondeat superior* as well as corporate negligence. Because plaintiffs have asserted claims against Robert Packer Hospital for breaching the applicable standards of care, and the hospital is a "licensed professional," plaintiffs must submit a separate certificate of merit with respect to this defendant.

**NOW**, this ___1st___ day of June, 2011, **IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**.  Plaintiffs' will have twenty-one (21) days to file a certificate of merit with respect to defendant Robert Packer Hospital.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge